UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANTHONY ROBERTSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3 06 0435 ) Judge Echols |
| MONTGOMERY COUNTY, ET AL., | ) ) |
| Defendants. | ) |

### MEMORANDUM

### INTRODUCTION AND BACKGROUND

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Montgomery County Jail in Clarksville, Tennessee. The plaintiff, a pretrial detainee, brings this action under 42 U.S.C. § 1983 against defendants Montgomery County and Norman Lewis, Sheriff of Montgomery County. The plaintiff seeks money damages as well as injunctive and declaratory relief, alleging that the defendants violated his rights under the First and Fourteenth Amendments.[1]

---

[1] The plaintiff makes several allegations of cruel and unusual punishment. The Eighth Amendment's prohibition against cruel and unusual punishment applies to pretrial detainees through the due process clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 & n.16 (1979); *Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985). However, claims brought by pretrial detainees challenging conditions of confinement are analyzed under the Eighth Amendment. *See Thompson v. County of Medina*, 29 F.3d 238, 242 (6th Cir. 1994).

1

The plaintiff sets forth numerous claims in his complaint[2] pertaining to the conditions of his confinement, including: lack of an established grievance procedure that conforms to state and federal law, inadequate food, lack of exercise and outdoor recreation, discrimination in charging for commissary items, charging for indigent packets, tampering with inmate mail, cell lights being left on 22-hours daily, lack of tables and chairs, and an inadequate legal library. (Complaint, ¶¶ 5-12). Although the plaintiff does not say so specifically, it is clear that his legal theory as to the County of Montgomery and Sheriff Lewis is that they are liable to him under a theory of *respondeat superior*. (Complaint, ¶¶ 3-4)

## ANALYSIS

### Exhaustion

Under the Prison Litigation Reform Act (PLRA), a prisoner is required to exhaust all available administrative remedies before filing a § 1983 action in district court. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 733 (2001); *Brown v. Toombs*, 139 F.3d 1102, 1103-04 (6th Cir. 1998). The exhaustion requirement of § 1997e(a) is "mandatory," and "prisoners must exhaust [available] grievance procedures before filing suit in federal court even though the . . . remedy sought is not an

---

[2]The plaintiff has submitted two different documents that are "complaints." The first is a form-complaint and the second is a complaint that is entirely handwritten. Unless otherwise specified, references to the complaint herein are to the latter document.

2

available remedy in the administrative process." *Wyatt v. Leonard*, 193 F.3d 876, 877-78 (6th Cir. 1999).

Before the district court may adjudicate any claim set forth in a prisoner's complaint, it must determine that the plaintiff has complied with this exhaustion requirement. *Brown*, 139 F.3d at 1004. Not only is a prisoner-plaintiff required to exhaust as to each defendant, *Burton v. Jones*, 321 F.3d 569 (6th Cir. 2003); *Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003), he must show that he has exhausted every claim presented in his complaint, *see Bey v. Johnson and Trierweiler*, 407 F.3d 801, 806 (6th Cir. 2005)(adopting the total exhaustion rule); *Rinard v. Luoma*, 440 F.3d 361 (6th Cir. 2006)(following the holding in *Bey v. Johnson and Trierweiler* that established "total exhaustion" as the law in the Sixth Circuit). If a prisoner fails to show that he has exhausted his administrative remedies, his compliant is subject to *sua sponte* dismissal. *Brown*, 139 F.3d at 1004.

To establish that he has exhausted his administrative remedies, a prisoner-plaintiff must show that he presented his grievance(s) "through one complete round" of the established grievance process. *Thomas*, 337 F.3d at 733. A prisoner does not exhaust available administrative remedies when he files a grievance but "d[oes] not appeal the denial of that complaint to the highest possible administrative level." *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997), *cert. denied*, 522 U.S. 906 (1997); *see also Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). Neither may

3

a prisoner abandon the process before completion and then claim that he exhausted his remedies, or that it is now futile for him to do so. *See Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999)(*citing Wright*, 111 F.3d at 417 n.3).

The prisoner has the burden of demonstrating that he has exhausted his administrative remedies. *Brown*, 139 F.3d at 1004. To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his complaint a copy of any decision demonstrating the administrative disposition of his claims. *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Wyatt*, 193 F.2d at 878; *Brown*, 139 F.3d at 1104. However, where no documentation is provided, absent particularized averments regarding the nature of the administrative proceedings and their outcome, the action must be dismissed under § 1997(e). *Knuckles El*, 215 F.3d at 642. The plaintiff has attached copies of fifty-six grievances submitted during the period January 16 through March 29, 2006.[3]

As an initial matter, the Court addresses itself to the plaintiff's claim that the Montgomery County Jail's grievance procedure is not in accordance with state and federal standards. That the Montgomery County Jail has a grievance procedure is established by the fact that the plaintiff has submitted copies of 56 grievances all bearing the caption, "MONTGOMERY COUNTY SHERIFF'S

---

[3] Eighteen of the grievances submitted by the plaintiff either have nothing to do with the claims that are before the Court or were written by other inmates.

4

DEPARTMENT JAIL DIVISION GRIEVANCE FORM." As to the plaintiff's claim that the Montgomery County grievance procedure is not in accord with state and federal law, although prisoners have a First Amendment right to file grievances, *see Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir.2000); *Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996), state law does not create a liberty interest in the grievance procedure. *See Ilim v. Wakinekona*, 461 U.S. 238, 249 (1983); *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993)(a state has no federal due process obligation to follow all of its grievance procedures). In other words, the plaintiff cannot premise a § 1983 claim on allegations that the prison's grievance procedures are inadequate and/or unresponsive because there is no inherent constitutional right to adequate and/or responsive prison grievance procedures in the first place. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983)(overruled in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995)); *Antonelli v. Shehan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 430 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991).

A careful reading of the copies of the grievances shows the plaintiff has, at least superficially, raised the claims brought in this action in his grievances. However, the plaintiff did not mention Sheriff Lewis in his grievances in the context of his claims or otherwise. Although the Court would not have expected the plaintiff to identify the County of Montgomery in his grievances, under the law in the Sixth Circuit, the plaintiff was required to identify and exhaust his grievances as to Sheriff

5

Lewis. This requirement was explained to this plaintiff previously in the following terms:

> Although the Court is of the view that Plaintiff was not required to identify defendant Montgomery County in his grievances, as explained *supra* at p. 2, Plaintiff clearly was required to exhaust his claims as to defendant Sheriff Lewis.

*Anthony Robertson v. Montgomery County*, et al., No. 3:05-1055 (M.D. Tenn. 2005)(Haynes, J.)(dismissed without prejudice for failure to exhaust)(Docket Entry No. 5 at 6). The Court takes judicial notice that the plaintiff was made aware of the requirement to exhaust his claims as to Sheriff Lewis in his previous case raising the same claims that are before the Court in the instant action. *Saylor v. United States*, 315 F.3d 664, 667-68 (6th Cir. 2003)(citing *Harrington v. Vandalia-Butler Bd. of Educ.*, 649 F.2d 434, 441 (6th Cir. 1981))(courts may take judicial notice of their own record in prior cases). Because the plaintiff has not exhausted his claims as to Sheriff Lewis, he has failed to exhaust his administrative remedies as to all defendants. Accordingly, there is no need to determine whether the plaintiff exhausted his claims through one complete round of the administrative process.

For reasons explained above, the plaintiff failed to exhaust his administrative remedies prior to bringing this action in district court. Because a "prisoner may not exhaust administrative remedies during the pendency of the federal suit," *Freeman*, 196 F.3d at 645, and since, under the PLRA, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid

6

a *sua sponte* dismissal," *Baxter v. Rose*, 305 F.3d 486, 488-490 (6th Cir. 2002); *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), the plaintiff's complaint normally would be dismissed without prejudice at this juncture for failure to exhaust. However, where a claim satisfies the provisions of 42 U.S.C. § 1915(e)(2), it may be dismissed on the merits without requiring exhaustion if the claim is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 42 U.S.C. § 1997e(c)(2); *Brown*, 139 F.3d at 1103-04. As shown below, the plaintiff's claims against the County of Montgomery and Sheriff Lewis are frivolous.

### Plaintiff's Claims Under § 1983

To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(*overruled in part by Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both elements of this two-part test must be met to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the Court is required to dismiss a prisoner-plaintiff's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b). A

7

complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although *pro se* complaints are to be construed liberally by the courts, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal." *McGore*, 114 F.3d at 612.

Initially, the Court notes that the plaintiff does not mention either defendant in the statement of his claim. Therefore, he has failed to allege and show that either defendant violated his rights under the Constitution or laws of the United States. In failing to mention either defendant in the statement of his claim, the plaintiff has failed to satisfy the first half of the two-part test under *Parratt*, *supra* at p. 6.

Next, as previously noted, *supra* at p. 2, the plaintiff's legal theory is grounded in the doctrine of *respondeat superior*. However, the law is well settled that actions brought against state actors cannot be maintained on a theory of *respondeat superior*, *see e.g., Monell v. Dept. of Social Serv's of The City of New York, et al.*, 436 U.S. 658, 659, 691-95 (1978); *Taylor v. Michigan Dep't of Corrections*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Dunn v. Tennessee*,

8

697 F.2d 121, 128 (6th Cir. 1982), unless the defendants were personally involved in the alleged violations of the plaintiff's constitutional rights, *see e.g., Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). For vicarious liability to attach, the defendants must have "encouraged . . . directly participated . . . authorized, approved, or knowingly acquiesced . . . ." in the violations alleged. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

In addition to the foregoing, where a state actor's role is limited to the denial of administrative grievances, or the failure to act with respect to such grievances, such state actors are not liable under § 1983 on the theory that their actions constituted an acquiescence with respect to the alleged unconstitutional conduct. *Id.* The foregoing also pertains to lawsuits that attempt to impute liability to supervisory personnel. *Doe v. Claiborne County, Tenn.*, 103 F.3d 495, 507 (6th Cir. 1996). More particularly, a "combination of knowledge of a prisoner's grievance and failure to respond or remedy the complaint is insufficient to impose liability upon supervisory personnel under § 1983." *Miller v. Bock*, No. 02-1964, 2003 WestLaw 202173 at *2 (6th Cir. (Mich.))(citing *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988), *cert. denied*, 488 U.S. 1007 (1989).

The plaintiff asserts in his complaint where he identifies the parties that the County of Montgomery acted in "the execution of its laws, customs, and policies, as the moving force behind the allege[d] unconstitutional action." (Complaint ¶ 4). The

9

plaintiff also asserts that Sheriff Lewis "act[ed] pursuant to the laws, c[u]stom[]s, and policies of the county government, during the event[s]" described in his complaint. (Complaint ¶ 3). While it is true that the doctrine of *respondeat superior* will provide grounds for relief under § 1983 where it is alleged and shown that a defendant acted pursuant to a policy or custom that violated his constitutional rights, *see Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 122 (1992); *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997), "policy and custom" are not magic words that entitle a plaintiff to relief without any factual allegations in support of his claim. Apart from the naked claims quoted above, nowhere in the complaint does the plaintiff provide any factual allegations supporting his claim that the alleged events/conditions of confinement giving rise to this action stemmed from any standing policy or custom. In fact, the plaintiff does not allege that those in positions of authority in the County or Sheriff Lewis were even aware of the events/conditions about which the plaintiff complains.

Although *pro se* complaints are held to less stringent standards than complaints prepared by an attorney, *see Boag*, 454 U.S. at 365, the courts are not willing to abrogate basic pleading essentials in *pro se* suits, *see Wells v. Brown*, 891 F.2d 592, 594 (6th Cir. 1990). More than bare assertions of legal conclusions or personal opinions are required to satisfy federal notice pleading requirements. *Id.* Specifically, a complaint must contain either direct or inferential allegations respecting all the

10

material elements to sustain a recovery under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). The less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpled facts to support conclusory allegations. *Wells*, 891 F.2d at 594 (citing *Merritt v. Faulkner*, 697 F.2d 761 (7th Cir. 1983)). Conclusory pleadings are insufficient and will be dismissed. *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971). Because the plaintiff fails to support his claims against the defendants with factual allegations, his claims are conclusory.

As reasoned above, the plaintiff's claims against the defendants lack an arguable basis in law or fact. Accordingly, those claims will be dismissed as frivolous.

An appropriate Order will be entered.

_____
Robert L. Echols
United States District Judge